# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                      Case No. 07-11450-DHW
                                       Chapter 13

HASSON TURNER,

         Debtor.

HASSON TURNER,

         Plaintiff,                   Adv. Pro. No. 08-1039-DHW
   v.

I. C. SYSTEM, INC.,

         Defendant.

## ORDER DENYING MOTION TO DISMISS

The defendant filed a motion to dismiss the complaint or in the alternative for a more definite statement. The defendant alleges that the complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Bankr. Proc. 7012 which incorporates Fed. R. Civ. Proc. 12(b)(6).

The motion came on for hearing on June 12, 2008 by which time the plaintiff filed an amended complaint. The amended complaint states that the following language in a collection letter to the debtor violated 15 U.S.C. § 1692e(5) and e(10) of the Fair Debt Collection Practices Act: "Our client has authorized us to refer this account to an attorney . . . ."

The court has considered the legal standard set forth in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007) as applied to the allegations of the complaint. The complaint contains allegations that the statement is false or deceptive and threatens an action that is not intended to be taken.

The complaint identifies the alleged misrepresentation and alleges that it was false, deceptive or misleading. As stated in *Bell Atlantic*, Fed. R. Civ. Proc. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*, 127 S. Ct. at 1959 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Intent is often proved

by inference, and direct evidence of intent is rare. The court concludes that the complaint contains sufficient factual allegations to meet the requirements of *Bell Atlantic.* Accordingly, it is

ORDERED that the motion to dismiss is DENIED.

Done this 20 day of June, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Walter A. Blakeney, Attorney for Plaintiff
   John W. Scott, Attorney for Defendant