UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 07-11450-DHW
                                                   Chapter 13
HASSON TURNER,

    Debtor.
_____

HASSON TURNER,

    Plaintiff,

v.                                                 Adv. Proc. No. 08-01039-DHW

I.C. SYSTEM, INC.,

    Defendant.


REPORT AND RECOMMENDATION OF
UNITED STATES BANKRUPTCY JUDGE

    Debtor Hasson Turner filed a complaint against I.C. System, Inc. seeking damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The alleged violations are predicated on a collection letter sent by the defendant prepetition.

    The defendant filed a motion for summary judgment (Doc. #20), and Turner filed a cross motion for summary judgment (Doc. #26). Upon consideration of the motions, the briefs of the parties, and the applicable law, the court recommends summary judgment for the defendant.

Jurisdiction

    This court's jurisdiction derives from 28 U.S.C. § 1334 and from an order of the United States District Court for this district that confers jurisdiction in title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). However, because the claim is merely "related to" Turner's bankruptcy proceeding, the bankruptcy court does

not have jurisdiction to enter a final order or judgment. 28 U.S.C. § 157(c)(1). This court will therefore make recommended factual findings and legal conclusions to the United States District Court for this district.

Undisputed Facts

ICS is a debt collection agency. On April 12, 2007, in an effort to collect a consumer debt owed to one of its clients, South Alabama Electric Cooperative, ICS sent Hasson Turner a collection letter.[1] That letter stated in relevant part, "Our client has authorized us to refer this account to an attorney for further collection efforts if this debt is not paid."

ICS did, in fact, have authorization from South Alabama Electric Cooperative to refer its uncollected accounts to a collection attorney. On September 20, 2007, ICS referred the account to Thomas Jolas, a collection attorney in Mason City, Iowa. Jolas sent two collection letters to Turner. Jolas did not file a lawsuit against Turner on behalf of South Alabama Electric Cooperative. Neither Jolas nor ICS has ever filed a lawsuit in the State of Alabama, and neither intended to do so in this instance.

Turner filed a chapter 13 petition in this court on October 17, 2007. Upon receiving notice of the bankruptcy filing, ICS recalled the Hasson account from Jolas and thereafter, neither undertook any further collection efforts.

Recommended Legal Conclusions

Turner contends that ICS's April 12, 2007 letter violated subsections (5) and (10) of § 1692e of the Fair Debt Collection Practices Act. The statute provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

---

[1] ICS received the Turner account from South Alabama Electric Cooperative in January 2007. ICS sent Turner three collection letters prior to the April 12, 2007, correspondence that is at issue here.

2

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
. . .

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Turner asserts that the letter violates § 1692e in two ways because it contains the statement that ICS is authorized to refer the account to an attorney. First, it implicitly threatens a lawsuit where none is intended. Second, because ICS lacked intent to sue, the statement is false and deceptive.

Section 1692e(5) Claim: Threat of Unintended Lawsuit

In *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985), the Eleventh Circuit adopted the "least sophisticated consumer" standard for determining "deceptive" under the FDCPA. *See id.* at 1175. However, the "least sophisticated consumer" standard does not apply to latter part of subsection e(5):

> The *Jeter* court carved an exception from the "least sophisticated consumer" standard for the second "unintended action" prong of e(5):
>
> "The . . . issue is simply whether or not [defendant] *intended* to take the action threatened . . . requir[ing] proof of a fact which amounts to a *per se* violation of § 1692e. The sophistication, or lack thereof, of the consumer is [therefore] irrelevant to whether [defendant] 'threat[ened] to take any action . . . that [was] not intended to be taken.'"

*Carn v. Medical Data Systems, Inc. (In re Cambron)*, 379 B.R. 371, 375 (M.D. Ala. 2007) (quoting *Jeter*, 760 F.2d at 1175).

Therefore, the extent of the plaintiff's sophistication is irrelevant to the

issue of whether ICS intended to sue or not. Indeed, ICS does not dispute the plaintiff's contention that suit was not intended. Nevertheless, the "least sophisticated consumer" standard is applicable in a 1692e(5) action to determine whether the language constitutes a threat. Therefore, the court must decide whether the collection letter's statement of authorization to refer the account to an attorney implicitly threatens a lawsuit in the mind of the least sophisticated.

Turner relies chiefly upon *United States v. National Financial Services*, 98 F.3d 131 (4th Cir. 1996). There, the collection letter sent to the debtor, which was on an attorney's letterhead, provided in relevant part:

> If you fail to pay your bill by the DEADLINE, we will then take the appropriate action. Remember your attorney will also want to be paid. An envelope is enclosed for your payment. . . .
>
> YOUR ACCOUNT WILL BE TRANSFERRED TO AN ATTORNEY IF IT IS UNPAID AFTER THE DEADLINE DATE!!!

*Id*. at 133. The court noted that the collection letter was sent on an attorney's law firm letterhead. The court concluded that the letter connotes "that a real attorney, acting like an attorney, has considered the debtor's file and concluded in his professional judgment that the debtor is a candidate for legal action." *Id*. at 137. In reality, the attorney had no real involvement in sending the letters or reviewing the debtor's file and did not decide that the debtor should be sent the letter. The court concluded that "[r]eference to an attorney in a letter to a debtor is a false threat of suit where the attorney has not been retained to collect a particular debt and has reached no determination that a suit would be filed if payment is not made. *Id*. at 138-39 (citing *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1459-61 (C.D. Cal. 1991).

However, the instant case is factually dissimilar to those in *National Financial Services*. The letter sent to the debtor was not on an attorney's letterhead. Hence, there was no implication that an attorney was involved or that a lawsuit was imminent. Further, there was no reference in the letter regarding the added expense of paying an attorney to defend against any suit. Finally, the letter to Turner does not emphatically state that the account would be referred to an attorney as was true in the case before the Fourth Circuit.

4

Plaintiff also relies on *Carn v. Medical Data Systems, Inc. (In re Cambron)*, 379 B.R. 371 (M.D. Ala. 2007). But, that case, too, is factually different from the one *sub judice*. In *Cambron* letters were sent to the debtor providing in pertinent part:

> Medical Revenue Service is a collection agency, retained to represent the below named creditor. Since you have failed to pay this obligation in full, we now must determine your ability to repay this debt. The information we may be seeking, if available, to determine what further collection effort to take is:
>
> 1.) Real estate ownership/equity
> 2.) Personal property assets
> 3.) Savings, checking balances
> 4.) Your source of income
> 5.) Automobile ownership
> 6.) Verification of employment

*Id.* at 373. From this communication, the court found that:

> . . . the defendant's letter impliedly threatened to investigate the debtor's employment, contact others to find assets, garnish wages or seize assets, or take further collection efforts other than contacting the debtors, if they did not pay the debts, none of which it had any intention of doing.

*Id.* at 379. Clearly, the *Cambron* court was faced with facts where the collection letter went well beyond merely stating that the creditor had authorized referral of the account to an attorney. As a result, the *Cambron* holding is not entirely on all fours with the instant case, which raises a much narrower issue.

Turner also relies on the holding in *Arellano v. Etan Industries, Inc.,* 1998 WL 911729, 1998 U.S. Dist. LEXIS 20279 (N.D. Ill. Dec. 23, 1998). In that case, the collector's letter to the debtor provided that unless the debt to the creditor is paid by a certain date, the debt collector "shall recommend to your creditor that this matter be referred to an attorney, with full authority to take all appropriate action to collect this account." *Id.* at *1.

5

The language in the *Arellano* letter is broad enough to embrace a lawsuit because the attorney would have full authority to take "all appropriate action." The language in the letter to Turner, by contrast, merely references the creditor's authorization to refer the account to an attorney if the debt remains unpaid.

This reference alone is not strong enough to constitute the threat of a lawsuit, even in the mind of the least sophisticated consumer. First, the language at issue here was in the nature of an informational statement rather than an implicit threat to sue. The statement notified Turner that ICS had been authorized by its client to refer the matter to an attorney. "Merely advising the debtor of the agency's options with which to pursue the debt is the sort of truism that is legally insufficient to violate § 1692e." *Sparks v. Phillips & Cohen Assoc., Ltd.*, 2008 WL 2540679, at *9 (S.D. Ala. June 20, 2008).

Next, the mere reference to an attorney does not create an implicit threat of suit. The implicit threat theory has been rejected by a number of courts. *See Kapeluschnik v. LeSchack & Grodensky, P.C.*, 1999 WL 33973360 (E.D.N.Y. Aug. 26, 1999) (a debt collection letter from an attorney is not an inherent threat to sue); *accord, Sturdevant v. Jolas*, 942 F. Supp. 426 (W.D. Wis. 1996); *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822 (N.D. Cal. 2006); *Veillard v. Mednick*, 24 F. Supp. 2d 863 (N.D. Ill. 1998). As the defendant, ICS, points out in its brief, "[i]t naturally and logically follows that where a collection notice from an attorney on law firm letterhead is not a per se implicit threat of litigation, the mere notification by a collection agency on its own letterhead that it has the authority to refer the account to an attorney for further collection efforts also does not implicitly threaten litigation."

<u>Section 1692e(10) Claim: False Representation</u>

Turner's claim for relief under e(10) is also without merit and may be disposed of in short order. A debt collector runs afoul of this subsection if there is the "use of any false representation or deceptive means to collect or attempt to collect any debt." The representation at issue here was that ICS was authorized by its client to refer Turner's account to an attorney. Under the undisputed facts in this case, ICS had authority to and did refer Turner's account to an attorney. Therefore, there is nothing false or deceptive about ICS's statement. Accordingly, Turner's claim under § 1692e(10) should not succeed.

6

Conclusion

For the foregoing reasons, the undersigned recommends that the United States District Court grant the defendant's motion for summary judgment and deny the plaintiff's cross motion for summary judgment as to both counts of this adversary proceeding.

Respectfully submitted this the 20th day of March, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Plaintiff's Attorney
   Walter A. Blakeney, Plaintiff's Attorney
   John W. Scott, Defendant's Attorney